IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ANDRE BERNARD GREEN, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | 1 : 11-CV-06 (WLS) |
| | : | |
| STANLEY WILLIAMS, Warden, | : | |
| | : | |
| Respondent. | : | |

## RECOMMENDATION

The Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2007 Ben Hill conviction for felony murder and arson. (Doc. 1). Following a jury trial in which Petitioner was found guilty, the Petitioner was sentenced to life imprisonment for felony murder and twenty (20) years for arson, with these sentences set to run concurrently. On appeal, the Georgia Supreme Court affirmed Petitioner's murder conviction and sentence but vacated the sentence for arson. *Green v. State*, 293 Ga. 126, 657 S.E.2d 221 (2008).

Petitioner filed a state habeas petition on December 19, 2008 in the Superior Court of Hancock County. (Doc. 11-1). Following an evidentiary hearing, the state habeas court denied relief on September 7, 2010. (Doc. 11-2). Petitioner's application for a certificate of probable cause to appeal was dismissed on February 28, 2011. (Doc. 11-3). Petitioner filed this federal habeas petition on January 6, 2011.

## Standard of Review

Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a decision

that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." In interpreting this portion of the federal habeas rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at. 407. "In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 529 U.S. at 407).

Accordingly, the Petitioner must first establish that the state habeas court's adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State

court proceeding." 28 U.S.C. § 2254(d).   In other words, as this is a post-Anti-Terrorism and Effective Death Penalty Act ("AEDPA") case, the Petitioner herein may obtain federal habeas relief *only* if the challenged state court decision was either contrary to or an unreasonable application of Federal law as determined by the Supreme Court, or if the state court issued an unreasonable determination of the facts.   *Williams*, 529 U.S. at 405; *Early v. Packer*, 537 U.S. 3, 7 (2002); 28 U.S.C. § 2254(d).

### Petitioner's Habeas Claims

In his Petition for federal habeas relief, the Petitioner sets forth five grounds for relief, alleging therein that he received ineffective assistance of appellate counsel.  (Doc. 1).   Although the Petitioner raised these claims in his state habeas petition, Respondent asserts that Petitioner failed to follow state appellate procedures for appealing the state habeas court's decision, resulting in the dismissal of his attempted appeal by the Georgia Supreme Court.   Respondent further asserts that Petitioner's grounds for relief are now procedurally defaulted.

Pursuant to *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999), a habeas petitioner seeking relief under § 2254 "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."   *Id.* at 845. This includes "requiring state prisoners to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State".   *Id.* at 847.   A petitioner's failure to petition the Georgia Supreme Court for a certificate of probable cause to appeal the denial of his state habeas petition "means that [the petitioner] failed to exhaust all of his available state remedies [and his claims are therefore] procedurally barred."   *Pope v. Rich*, 358 F.3d 852, 854 (11th Cir. 2004).   Herein, the Georgia Supreme Court dismissed Petitioner's appeal from the order denying his state petition for habeas relief "[b]ecause petitioner failed to file an application for certificate of

probable cause in this Court". (Doc. 11-3). Pursuant to O.C.G.A. § 9-14-52(b), "[i]f an unsuccessful petitioner desires to appeal, he must file a written application for a certificate of probable cause to appeal with the clerk of the Supreme Court within 30 days from the entry of the order denying him relief." Thus, inasmuch as the Petitioner failed to file an appeal with the Georgia Supreme Court, under the dictates of *Boerckel* and *Pope*, the Petitioner's claims are unexhausted. *See also, Watson v. Walker*, 2008 WL 4820251 (S.D.Ga. 2008) (petitioner's § 2254 claims dismissed as procedurally defaulted, as petitioner failed to file a certificate of probable cause to appeal the denial of his state habeas petition).

Furthermore, a Georgia prisoner's failure to file an application for a certificate of probable cause in the Georgia Supreme Court to appeal the denial of habeas relief is a procedural default of the involved claims. *Pope*, 358 F.3d at 854; *Mancill v. Hall*, 545 F.3d 935, 939 (11th Cir. 2008); *Watson*, 2008 WL 4820251 *2. A state prisoner may not obtain federal habeas relief on a claim that the state courts refused to consider or would refuse to consider due to his failure to timely raise the claim at trial and/or on appeal, unless the petitioner can establish cause for the failure and actual prejudice resulting therefrom, or a fundamental miscarriage of justice if the federal court does not consider the claims. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 501 U.S. 722, 724 (1991). Both cause and prejudice must be established in order to overcome the procedural bar, and the burden of demonstrating cause and prejudice lies with the Petitioner. *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 480, 488 (1986).

Herein, the Petitioner did not file an application for probable cause to appeal the denial of

his state habeas petition in the Georgia Supreme Court, as provided by O.C.G.A. § 9-14-52(b), rendering his claims procedurally defaulted.   The Petitioner has not established cause and actual prejudice to excuse the procedural default of these claims, nor has he established a fundamental miscarriage of justice if his claims are not heard.

*Conclusion*

Inasmuch as none of the grounds raised by the Petitioner will support the granting of federal habeas relief,   **IT IS RECOMMENDED** that this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**.   Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).   Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.   If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 12th day of March, 2012.

s/   *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**