**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| ANDRE BERNARD GREEN, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO.: 1:11-CV-06 (WLS) |
| | : | |
| STANLEY WILLIAMS, Warden, | : | |
| Respondent. | : | |
| _____ | : | |

**ORDER**

Before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed March 12, 2012. (Doc. 13). It is recommended that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be denied. (*Id*. at 5).

The Recommendation provided the Parties with fourteen (14) days from the date of its service to file written objections to the recommendations therein. (*Id.*) The period for objections expired on Monday, March 26, 2012. (*See* generally Docket). Petitioner's Objection to the Recommendation was not filed until March 28, 2012, with no explanation provided for the delay. (Doc. 14). As such, it was not timely filed and will not be considered.[1]

Upon review and consideration, the objections set forth in Plaintiff's Objection (Doc. 14) are **OVERRULED**, and United States Magistrate Judge Langstaff's March 12, 2012 Recommendation (Doc. 13) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and

---

[1] Petitioner's objections, even if they were timely, are not persuasive. Petitioner's objections completely fail to address Petitioner's failure to exhaust his state remedies and the resulting procedural bar on his claims. Petitioner also fails to establish that: (1) a fundamental miscarriage of justice would occur if his claims are not heard; or (2) that cause and actual prejudice exist to excuse the procedural default of his claim. Instead, Petitioner makes numerous statements relating to the arson charge, renews his allegations of ineffective assistance of counsel, and states that his due process rights were violated because the jury charges allegedly deviated from the indictment. None of these statements affect Petitioner's failure to exhaust his state remedies. Accordingly, this Court finds that Petitioner's Objection (Doc. 14) fails to rebut the legally sound recommendation of Judge Langstaff.

2

conclusions reached herein. Accordingly, Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**.

**SO ORDERED**, this  23rd  day of April, 2012.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**